AYRES, Judge.
In this action for damages, resulting from an automobile collision, plaintiff’s demands were rejected and he appealed.
The accident occurred about 1:00 a. m. January 12, 1964, at a point on U. S. Highway 80 in Bossier Parish near its intersection with what is known as the Bodcau Station Road. Plaintiff testified he was traveling in an easterly direction in the-right, or southernmost, of the two highway lanes for eastbound traffic; that after giving a directional signal for a right turn, and while he was in the process of making such turn in<-o the Bodcau Station Road, his car was struck from the rear by defendant Oliphant’s automobile.
The left front of defendant’s car struck the right side of plaintiff’s Chevrolet near the rear panel. Plaintiff’s vehicle spun around and struck either a supporting column of a filling station located at a corner of the intersecting highway or a gasoline pump at the station. The pump was knocked down and plaintiff’s vehicle came to rest thereon.
Plaintiff charges Oliphant with negligence in driving at an excessive rate of speed, failure to keep his automobile under control, following too closely behind plaintiff’s preceding vehicle, and in failing to see what he should have seen. Defendants deny these charges of negligence and affirmatively allege contributory negligence against plaintiff in entering a highway right of way in the path of approaching traffic, failing to accord defendant the right of way, in leaving a place of safety, and in failing to maintain a proper lookout.
*221 The issue is purely factual. The only eyewitnesses were the drivers of the respective vehicles involved. Plaintiff, Jones, testified he remembered nothing about the circumstances after he began his right turn.. He was uncertain as to whether his vehicle was struck from the rear, the side, or the front. Oliphant testified that Jones entered the eastbound traffic lanes of the highway from a crossover from the north side of the highway; that Jones’ car was near the dividing line between the two eastbound traffic lanes at the time of the collision, which, Oliphant testified, he was unable to avoid.
The versions of the occurrence as related by the two drivers are irreconcilable. It is evident, from the opinion of the district judge, that he based his conclusion upon the testimony of the highway policemen, who investigated the accident, as to the presence of skidmarks in the northernmost eastbound lane which were identified as having been made by defendant’s Thunderbird automobile. Appellant complains that the district judge’s reliance upon this factor, was his principal error.
After examination of the record, we find no basis for disagreement with the findings of the trial court. The officers’ testimony, supported by photographs taken a short time after the accident, identified heavy skid-marks leading to the point of impact, from which point lighter tire marks continued' to the point where the Thunderbird came to a stop in the highway east of the- Bodcau intersection. Since the skidmarks werfe located in the left, or north, of the two eastbound lanes, it is clear that the collision could not have occurred as alleged and as testified by plaintiff.
Plaintiff contends, however, the accident could not have happened in the manner in which Oliphant asserted it occurred; that it was not established the skidmarks, depicted in the photographs and to "which the police testified, were made by defendant’s car. It is suggested that these marks may have been made by another vehicle crashing into the side of another car situated across the highway. As to this, it suffices to state there is no evidence whatsoever indicating that another accident occurred at this location.
The conclusion is inescapable that plaintiff has failed to establish his case by a preponderance of the evidence and to such a legal certainty as would warrant a judgment in his favor.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s cost.
Affirmed.